IN THE DISTRICT COURT IN AND FOR WAGONER COUNTY
STATE OF OKLAHOMA

| | |
|---|---|
| SAMANTHA VONWALD, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. CJ-2016-0292 |
| WAGONER ** FIRST BANK & TRUST CO., an Oklahoma state chartered bank, | ) |
| Defendant. | ) |

## PETITION

Comes now the Plaintiff, Samantha VonWald, an African-American female, and by and through her attorney does bring this action against Wagoner ** First Bank & Trust Co., an Oklahoma chartered bank, pursuant to Title VII of the Civil Rights Act of 1964, as amended. In support of this Petition for employment discrimination, Plaintiff would state the following:

### JURISDICTION AND VENUE

1. Jurisdiction is proper in this court pursuant to 42 U.S.C. §2000e-5(f)(3).

2. Venue is proper in this court pursuant to 12 O.S. §131.

### PARTIES

3. Samantha VonWald ("VonWald"), Plaintiff, is an African-American female who resides in Wagoner, Wagoner County, Oklahoma.

4. Wagoner ** First Bank & Trust Co. ("First Bank"), Defendant, is an Oklahoma chartered bank with a place of business in Wagoner, Oklahoma, which employs more than twenty (20) individuals.

Page 1 of 6

## FACTS

5. VonWald began her employment with First Bank on or about September 17, 2007, in the position of Teller/Vault making $9.25 per hour.

6. VonWald was terminated from her position with First Bank on June 17, 2015.

7. At the time of her termination of employment, VonWald was making $10.16 per hour and was one of only two African-Americans working for First Bank in Wagoner.

8. VonWald's last raise was on January 3, 2015.

9. On June 17, 2015, Samantha arrived at work and she opened the Vault for the night drops.

10. Upon her arrival, Courtney Hall ("Hall"), a white female and coworker, told VonWald the federal auditors had arrived at the Bank that morning.

11. Per procedure, VonWald could not touch her money at her station until the auditors decided which tellers they would follow.

12. Once the auditors decided which tellers they would follow, the tellers were allowed to put their money in their drawer, print out the previous night's print out sheet and then stand aside and watch the auditor audit each teller's drawer.

13. At the conclusion of the audit of VonWald's drawer, her drawer was missing $800.

14. After recounting her drawer, VonWald signed the audit sheet showing she was missing $800.

15. VonWald then told her supervisor, Tracy Vaughn ("Vaughn"), a white female, about the missing $800 and pulled all her register tapes, but she was not able to finish reviewing her register tapes because she had to go to the Vault.

16. After the Vault was audited, VonWald went to lunch and returned at 11:00 a.m.

17. When VonWald returned from lunch she reviewed the tapes.

18. Hall suggested VonWald look in her drawer again.

19. VonWald or Hall got a flashlight and found the missing $800 in her drawer.

20. VonWald then went and got Vaughn, they took the drawer apart and got the missing money and then took it to the auditors.

21. The auditors asked VonWald what had happened and VonWald explained the situation.

22. The auditors gave her a new audit sheet that did not show the missing $800, and VonWald went back to work.

23. Later, Vaughn asked VonWald to come to her office for a meeting.

24. Charles Adam ("Adam"), white male and the Bank President, was in Vaughn's office when VonWald arrived for the meeting.

25. Adam said, "Sam, you've been under a lot of pressure and stress lately, we can't have you being off, so we're letting you go."

26. VonWald was paid her 2 weeks' vacation and 2 weeks' severance.

27. VonWald was not asked to sign a release or any other documents during this termination meeting.

28. The following day Tinker Alberty ("Alberty"), white female and a teller in the drive thru, came up $700 short on her audit.

29. Alberty never found the money missing from her drawer.

30. Alberty was not terminated.

31. Lawanna Simpson ("Simpson"), another white female and teller, came up short $400 and she was not terminated.

32. Only VonWald, a black female, was terminated.

33. VonWald was never disciplined during her entire tenure with First Bank & Trust.

34. Vaughn started with First Bank on February 14, 2015.

35. VonWald was always suspicious of Vaughn and would not meet with her without a witness.

36. Several things occurred in the four months VonWald reported to Vaughn to make her suspicious. For example, when the commercial teller left First Bank, her position was offered to Hall but Courtney declined the position. VonWald had expressed interest in the position and she had sufficient tenure to qualify for it, but Vaughn hired a new employee, Sarah Brown, a white female, to fill the position, rather than promote VonWald into the position.

37. VonWald trained for a 6 weeks for a job in New Accounts.

38. When the position in New Accounts became vacant, Jamie Cox, a white female, was placed in the position.

39. Following VonWald's termination of employment, a white female was hired to replace her.

## COUNT ONE
## RACE DISCRIMINATION (TERMINATION) IN VIOLATION OF TITLE VII

VonWald reasserts the allegations contained in paragraphs 1-39 hereof.

40. VonWald is an African-American female who was employed by First Bank.

41. VonWald was one of only two African-Americans employed by First Bank.

42. VonWald was terminated for no reason by First Bank.

43. VonWald was replaced with a Caucasian female.

44. VonWald was discriminated against by First Bank in violation of Title VII of the Civil Rights Act of 1964, as amended.

45. As a result of First Bank's discriminatory actions, VonWald is entitled to back pay and employee benefits, compensatory damages, punitive damages, attorneys fees, costs and expenses.

## COUNT TWO
## RACE DISCRIMINATION (DISCIPLINE) IN VIOLATION OF TITLE VII

VonWald reasserts the allegations contained in paragraphs 1-45 hereof.

46. VonWald is an African-American female who was employed by First Bank.

47. VonWald was one of only two African-Americans employed by First Bank.

48. VonWald was disciplined for being initially $800 short on her cash drawer during an audit. Later that same day VonWald discovered the missing monies.

49. VonWald was terminated because of this error.

50. Other white employees who were short in their cash drawers were not disciplined or terminated by First Bank.

51. VonWald was discriminated against by First Bank in violation of Title VII of the Civil Rights Act of 1964, as amended.

52. As a result of First Bank's discriminatory actions, VonWald is entitled to back pay and employee benefits, compensatory damages, punitive damages, attorneys fees, costs and expenses.

WHEREFORE, VonWald prays for damages in excess of $10,000 and such other equitable relief as this Court may deem appropriate.

Respectfully submitted,

*Jean Walpole Coulter*

Jean Walpole Coulter, OBA #9324
Jean Walpole Coulter & Associates, Inc.
406 South Boulder, Suite 712
Tulsa, Oklahoma 74103
(918) 583-6394
(918) 583-6398 FAX
Jeancoult@aol.com